IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JIMMY GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 305-083 |
| ) | |
| TIMOTHY C. WARD, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, an inmate at Wheeler Correctional Facility ("Wheeler") in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is now before the Court because Plaintiff has filed an amended complaint.[1] (Doc. no. 8). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A. For the following reasons, the Court **REPORTS**

---

[1] In addition to his amended complaint, Plaintiff has filed a motion for leave to amend. (Doc. no. 7). Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend once as a matter of course at any time before a responsive pleading is served. Here, the docket reflects that no answer or pre-answer motion has been filed by any defendant. Thus, Plaintiff may amend as a matter of right and his motion to amend (doc. no. 7) is **MOOT**.

and **RECOMMENDS** that this case be **DISMISSED** because Plaintiff has failed to state a claim upon which relief may be granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

In May 2005, Plaintiff filed both the captioned matter and a separate complaint. (See doc. no. 1; Griffin v. Ward, CV 305-089, doc. no. 1 (S.D. Ga. May 16, 2005)(hereinafter "CV 305-089")). Noting that both complaints brought essentially the same allegations against the same defendants, the Court concluded that it would be needlessly wasteful and repetitive to allow Plaintiff to proceed with two independent suits. Therefore, the Court dismissed Plaintiff's complaint in CV 305-089 and informed him that he could incorporate all of his allegations in an amended complaint filed in the above-captioned case if he so chose. See CV 305-089, doc. no. 3, *adopted by* doc. no. 6.

Plaintiff has since filed an amended complaint, wherein he alleges the following.[2] During the period pertinent to this suit, Plaintiff was an inmate at Johnson State Prison ("Johnson") in Wrightsville, Georgia. (Doc. no. 8, p. 3). In January 2005, Plaintiff was a participant in a "Residential Substance Abuse Treatment" program at Johnson. (Id.). Defendant B. Dawkins, the director of that program, is known for not allowing prisoners to leave program sessions to go to the restroom. (Id.). Plaintiff has a history of disagreement with Defendant Dawkins and "Mr. Swint," a counselor who works with the program, and he

---

[2]As an amended complaint supercedes and replaces any previous complaint, the Court's consideration is limited to Plaintiff's most recent complaint. See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (recognizing that amended complaint supersedes original complaint); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)(same).

has filed prison grievances against them in the past.[3] During one evening program session, Plaintiff needed to go to the bathroom. Knowing that Defendant Dawkins would not respond favorably to such a request, Plaintiff waited "an hour and a half" until the end of the session before asking to go to the restroom. (Id.). Inexplicably, Defendant Dawkins refused to grant Plaintiff permission to go the bathroom, and instructed him to "hold up" and to wait as other prisoners filed out of the room. (Id.). Plaintiff protested, noted that he could not wait, and then went to the restroom without Defendant Dawkins's permission.

Defendant Dawkins responded by citing Plaintiff for failure to follow instructions, resulting in a disciplinary report and Plaintiff's expulsion from the treatment program. (Id. at 3-4). To add insult to injury, Plaintiff also received fourteen (14) days in "isolation" and thirty (30) days added to his "TPM [Tentative Parole Month?]." (Id. at 4). Plaintiff argues that all of this was unfair, especially given that other inmates guilty of worse transgressions have not been treated so harshly or kicked out of the treatment program. (Id.). Plaintiff appealed his disciplinary sanction to Defendant Timothy C. Ward, the Warden of Johnson, to no avail. In fact, Plaintiff was subsequently moved to Wheeler, and his appeal was never resolved. (Id. at 4). Accordingly to Plaintiff, these actions violate unspecified constitutional rights. As relief, Plaintiff requests only monetary damages. (Id.).

## II. DISCUSSION

Even construed liberally, the Court determines that Plaintiff's complaint fails to state a claim upon which relief may be granted. Here, Plaintiff presumably argues that he was treated unfairly when: 1) he was expelled from the drug treatment program; 2) he was given

---

[3]Mr. Swint is not a named defendant in the instant complaint.

3

14 days in "isolation;" 3) he was denied access to a restroom; and 4) 30 days were added to his "TPM [Tentative Parole Month?]."

A.     **Parole-Related Claims**

First, even assuming that the alleged disciplinary action taken against Plaintiff has somehow resulted in a change in his tentative parole month, it is not apparent to the Court how the named defendants, who are prison officials at Johnson, have any control over the determination of Plaintiff's tentative parole month, a matter reserved to the Georgia Board of Pardons and Paroles. See O.C.G.A. §§ 42-9-40 & 42-9-42. More importantly, Georgia prisoners have no protected due-process liberty interest in parole, and Plaintiff's purported claim for monetary damages is not cognizable. See Holmes v. Crosby, __ F.3d __, 2005 WL 1838519, at *2 (11th Cir. 2005)(Georgia state parole board members entitled to absolute quasi-judicial immunity from suit for damages.); Jones v. Ray, 279 F.3d 944, 946 (11th Cir. 2001)(*per curiam*)(citing Sultenfuss v. Snow, 35 F.3d 1494, 1501-03 (11th Cir. 1994)(*en banc*))(Georgia inmates have no protected liberty interest in parole.).

Likewise, Plaintiff has not pled allegations supporting an equal protection claim. In order to establish an equal protection claim regarding his parole (or any equal protection claim, for that matter), Plaintiff must allege that "similarly situated" inmates have received more favorable treatment and that his discriminatory treatment is based on a constitutionally impermissible basis such as his race. Jones, 279 F.3d at 946-47. Here, there are no facts in Plaintiff's complaint to support such a claim. In sum, to the extent Plaintiff attempts to bring a claim related to a change in his tentative parole month, he has failed to state a cognizable claim.

4

## B. Expulsion from Drug Abuse Treatment Program and Imposition of Disciplinary Isolation

Next, Plaintiff's claims regarding his expulsion from the treatment program and the imposition of 14 days of isolation as sanctions for his alleged decision to go to the restroom in violation of Defendant Dawkins's orders also fail. First, inmates have no federal constitutional right to participate in rehabilitative programs.[4] This is true of treatment programs for substance abuse as well. See Pryor-El v. Kelly, 982 F. Supp. 261, 272-74 (D. D.C. 1995)(holding that prison officials' refusal to place inmate in drug treatment program did not violate Equal Protection Clause or Due Process Clause); Lyle v. Sivley, 805 F. Supp. 755, 759-60 (D. Ariz. 1990)(holding that Due Process Clause does not give federal prisoners a protected right to participate in drug treatment programs).

Likewise, Plaintiff's stay in disciplinary isolation would only infringe a protected liberty interest if it posed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995)(holding that Hawaii prisoner's 30-day stay in disciplinary confinement did not violate Due Process Clause). To be more precise, in order to establish a violation, Plaintiff must bring allegations showing either that a "change in [his] conditions of confinement is so severe that it essentially exceeds

---

[4] See, e.g., Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)(Federal prisoners have no due process right to eligibility for rehabilitative programs.); Murdoch v. Washington, 193 F.3d 510, 513 (7th Cir. 1999)(no protectible liberty or property interest in attending rehabilitation program); Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992)(no right to educational or vocational opportunities); Canterino v. Wilson, 869 F.2d 948, 952-54 (6th Cir. 1989)(no liberty interest in inmate classification or eligibility for work programs); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987)(no right to particular inmate classification or eligibility for rehabilitative programs); Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir. 1980)(same); Battle v. Anderson, 564 F.2d 388, 403 (10th Cir.1977)("[A]n inmate does not have a federal constitutional right to rehabilitation.").

5

the sentence imposed by the court" or that "the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit imposes atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999)(citation and quotation omitted). Here, Plaintiff does not suggest that the disciplinary sanction has resulted in a sentence exceeding that imposed by the court of conviction. Likewise, the Court is not persuaded that Plaintiff's 14-day stay in isolation for failure to follow Defendant Dawkins's instructions posed any significant and atypical hardship, and therefore his claims related to his isolation and his appeal of the disciplinary sanction must fail.[5,6] See Rodgers

---

[5] Of course, a much longer stay in disciplinary segregation could pose an "atypical hardship" and thus trigger minimum procedural due process protections. See Williams v. Fountain, 77 F.3d 372, 374-75 (11th Cir. 1996)(explaining that disciplinary sanction of twelve months of disciplinary confinement triggered procedural due process protections under Sandin); but see Wagner v. Hanks, 128 F.3d 1173, 1175-76 (7th Cir. 1997)(Posner, J.)("[T]he right to litigate disciplinary confinements has become vanishingly small ... when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after Sandin it can be made the basis of a suit complaining about a deprivation of liberty.").

[6] Of course, Plaintiff may also aver that Defendant Ward failed to properly handle Plaintiff's grievances related to the alleged events. However, the mishandling of a prisoner's grievances *alone* does not give rise to a claim of constitutional magnitude that is cognizable under § 1983. See, e.g., Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989)(*per curiam*); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987); Rienholtz v. Campbell 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999)(Table); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Simply put, actions of the kind complained of by Plaintiff--such as filing an unfair disciplinary report, failing to properly handle an appeal of a disciplinary sanction, or even placing an inmate in disciplinary isolation--cannot constitute due process violations unless they pose truly atypical hardships. Of course, if these actions are undertaken in retaliation for a prisoner's exercise of his First Amendment rights, in an unconstitutionally discriminatory manner, or otherwise in violation of some independent constitutional right, they may form the basis for a cognizable claim--but Plaintiff has alleged no facts demonstrating that any constitutional right has been violated.

v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998)(prisoner's claims regarding false disciplinary report and two-month stay in administrative confinement properly dismissed by district court under Sandin).

C.  **Denial of Access to a Restroom**

Finally, the Court staves off any argument that Defendant Dawkins's refusal to give Plaintiff permission to use the restroom constituted cruel and unusual punishment under the Eighth Amendment. Admittedly, prolonged denial of access to a restroom or exposure to unsanitary prison conditions would constitute a serious claim, but here Plaintiff avers only that Defendant Dawkins forced him to deal with the discomfort of a full bladder for a few hours. While perhaps mean-spirited, such does not amount to a violation of constitutional magnitude. See Tate v. Campbell, 85 Fed. Appx. 413, 417 (6th Cir. 2003)(unpublished)(discomfort associated with three-hour denial of permission to use restroom not a basis for § 1983 claim). In sum, Plaintiff has alleged no facts from which to suppose that Defendants have violated his constitutional rights, and the case should be dismissed.

IV.  **CONCLUSION**

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** because Plaintiff has failed to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 23rd day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7